UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC. EMPLOYMENT PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>3:05-cv-652 (*Johnson* - Iowa) | CAUSE NO. 3:05-MD-527 RM<br>(MDL-1700) |

SUGGESTION OF REMAND, OPINION AND ORDER

I. INTRODUCTION

The plaintiffs are two former pick-up and delivery drivers/contractors for FedEx Ground who allege that they were employees, rather than independent contractors, under Iowa law. (The court intends the terms "driver" and "contractor" to be synonymous, and the use of either term isn't meant to contain any connotations with respect to a person's status as an "employee" or "independent contractor.") FedEx Ground, together with its operating division FedEx Home Delivery, provides small-package pick-up and delivery services through a network of pick-up and delivery drivers/contractors. Current and former contractors/drivers in thirty-nine states initiated putative statewide or nationwide class actions against FedEx Ground, premised generally on the theory that they were misclassified as independent contractors and are actually employees. A total of forty-two such actions were filed; of those forty-two cases, twenty-eight have been certified by the court in whole or in part, and fourteen

were denied class certification. In one of those certified cases (Kansas), a nationwide class was also certified under the Employee Retirement Income Security Act ("ERISA"). By this order, the court suggests that the Judicial Panel on Multi-District Litigation remand the case to the transferor court, the Southern District of Iowa, for further proceedings.

Tim Johnson and Aaron Ver Steeg, who were formerly FedEx Ground contractors/drivers in Iowa, are pursuing five causes of action: (1) illegal deductions from wages in violation of Iowa Code § 91A.5, (2) fraud, (3) rescission, (4) declaratory relief, and (5) injunctive relief.

As this order explains, some pretrial matters remain to be completed; the case is not ready for trial. Issues in common with other cases in this MDL docket have been resolved, though, and retaining this case in this MDL docket would achieve none of the benefits that motivated the Panel's centralization order.

## II. HISTORY OF THE PROCEEDINGS AND RULINGS THAT MIGHT AFFECT FUTURE PROCEEDINGS[1]

On August 10, 2005, the Judicial Panel on Multidistrict Litigation found that the putative class actions and other cases challenging the driver/contractors' independent contractor status against FedEx Ground involved common questions of fact, consolidated them into a multidistrict litigation docket and transferred

---

[1] This court has made a large number of rulings throughout the course of this MDL. This order doesn't attempt to mention all of these rulings. The court doesn't intend any omission or inclusion of a particular ruling in this order to contain any connotations regarding the extent to which a particular ruling is applicable to future proceedings in this case.

2

them pursuant to 28 U.S.C. § 1407 to the U.S. District Court for the Northern District of Indiana for coordinated pretrial proceedings. *See In re FedEx Ground Package Sys., Inc., Employment Practices Litig.* (*No. II*), 381 F. Supp. 2d 1380 (J.P.M.L. 2005). MDL 1700 was assigned to the undersigned judge and given the master docket number 3:05-md-527-RLM-CAN (N.D. Ind.).

Plaintiff Tim Johnson filed a putative class action against FedEx Ground and Does 1-20 (alleged FedEx health and benefit plans) in the U.S. District Court for the Southern District of Iowa, Central Division, on August 19, 2005. The case was assigned case number 4:05-cv-477-RP-TJS (S.D. Iowa). The complaint asserted six causes of action: (1) illegal deductions from wages in violation of Iowa Code § 91A.5, (2) unjust enrichment, (3) for an accounting, (4) promissory estoppel, (5) declaratory relief, and (6) injunctive relief. (*See* Doc. No. 1 in the transferor docket.[2]) FedEx Ground filed its answer and affirmative defenses on September 14, 2005. (Doc. No. 3 in the transferor docket.)

The JPMDL issued a conditional transfer order with respect to the *Johnson* case (among others) on September 16, 2005 and, receiving no objection, a final transfer order on October 4, 2005. (Doc. No. 8 in the transferor docket.) The *Johnson* case was then transferred to this court and consolidated with other cases as a part of MDL 1700. The *Johnson* case was assigned case number 3:05-cv-652 (N.D. Ind.).

---

[2] All references to docket numbers are to the master MDL docket, 3:05-md-527, in the Northern District of Indiana, unless otherwise noted. The "transferor docket" refers to the docket in the Southern District of Iowa, 4:05-cv-477.

This MDL court entered an initial scheduling order on November 15, 2005 (Doc. No. 52), in which it, among other things:

- o designated plaintiffs' three co-lead counsel, Lynn Rossman Faris of Leonard Carder, LLP, Susan E. Ellingstad of Lockridge Grindal Nauen, P.L.L.P., and Robert I. Harwood of Wechsler Harwood LLP;
- o designated plaintiffs' steering committee, which consists of the three co-lead counsel plus Jerald R. Cureton of Cureton Caplan, P.C., Jordan M. Lewis of Siegel, Brill, Greupner, Duffy & Foster, P.A., and J. Gordon Rudd of Zimmerman Reed;
- o designated FedEx Ground's lead counsel, O'Melveny & Myers LLP;
- o bifurcated the proceedings into liability and damages phases;
- o granted plaintiffs permission to amend their pleadings once, within two months, without leave of court;
- o ordered FedEx Ground to initially produce:
    - o general, non-testimonial discovery (i.e., manuals, policies and procedures, training materials, and recruitment materials),
    - o materials from *Estrada v. FedEx Ground Package System, Inc.* (Los Angeles County Superior Court Case BC 210130), and
    - o portions of FedEx Ground's files, such as "Department of Transportation" files, "Business Discussion" files, "Unit History" files, and "Contractor Business Plans," for each plaintiff; and

- ordered both parties to provide initial disclosures pursuant to Rule 26(a)(1) and produce any documents referenced in the disclosures.

Two weeks later, on November 29, 2005, the Court entered a supplemental scheduling order (Doc. No. 58), in which it, among other things:

- ordered that "[d]iscovery for purposes of class certification and discovery for purposes of the merits of Plaintiffs' claims [would] take place concurrently";
- established a briefing scheduling for plaintiffs' motions for class certification; and
- divided summary judgment into two phases: summary judgment as to issues relating to independent contractor/employment status and summary judgment as to other issues.

FedEx Ground was permitted to, *inter alia*, serve ten interrogatories and five requests for admission on each plaintiff and to take the deposition of each named plaintiff (then 148), and an additional 25 other depositions. *Id.* (Of the named plaintiff depositions, 50 were permitted to last 8 hours and the rest were limited to 4 hours.) The plaintiffs were permitted to, *inter alia*, serve, per plaintiff, ten interrogatories and five requests for admission on FedEx Ground and to take 75 depositions. *Id.*

Subsequent to its November 29, 2005 supplemental scheduling order, the court entered numerous case management and scheduling orders. (*See* Doc. Nos. 261, 453, 481, 482, 766, 836, 898, 1118, 1123, 1139, 1425, 1603, and 1776.)

Additional cases were also added to the MDL proceedings after the initial discovery limits were set.

The court entered a stipulation and protective order on January 13, 2006, to allow the parties to designate as "CONFIDENTIAL" discovery materials that contain: "(1) financial information not publicly filed with any federal or state regulatory authority or otherwise publicly available; (2) trade secret information as defined under state or federal law; (3) tax, medical, or other personnel information relating to and social security numbers of current or former employees or independent contractors of defendants; (4) proprietary sales, marketing, licensing, operational or other proprietary information not otherwise publicly available; (5) information pertaining to defendants' customers that is not publicly available; [or] (6) information relating to non-public administrative or regulatory proceedings." (Doc. No. 101.)

On January 9, 2006, plaintiff Johnson filed his first amended complaint, in which he removed Does 1-20 as defendants, removed three causes of action (unjust enrichment, for an accounting, and promissory estoppel), revised others, and added one cause of action (fraud). (Doc. No. 75.) On January 27, 2006, FedEx Ground filed its answer and affirmative defenses to the first amended complaint. (Doc. No. 117.)

On November 29, 2006, the court granted plaintiffs leave to file amended complaints in several cases, adding and/or removing certain named plaintiffs. (Doc. No. 409.) On December 1, 2006, plaintiff Johnson filed his second amended

6

complaint, adding Aaron Ver Steeg as a plaintiff. (Doc. No. 417.) FedEx Ground filed its answer and affirmative defenses to the second amended complaint on December 18, 2006. (Doc. No. 446.) This second amended complaint and FedEx Ground's answer thereto are the operative pleadings. To summarize, Johnson and Ver Steeg assert five causes of action: (1) illegal deductions from wages in violation of Iowa Code § 91A.5, (2) fraud, (3) rescission, (4) declaratory relief, and (5) injunctive relief.

FedEx Ground has taken approximately 215 depositions in the MDL proceedings. This includes the depositions of the Iowa plaintiffs, Johnson (on November 20, 2006) and Ver Steeg (on January 22, 2007), as well as other named plaintiffs in the MDL proceedings. The plaintiffs have taken approximately 105 depositions in the MDL proceedings. This includes the following categories of depositions: corporate executives and managers; regional personnel, including three regional managing directors whose areas included Iowa (Kevin Koken, Stephen Johnson, and Bret Wright); Rule 30(b)(6) witnesses; and third parties. The parties also deposed FedEx Ground experts Robert Crandall, Deborah Jay, Richard Jeanneret, Jeremy Kahn, Francine LaFontaine, and James Scapellato and plaintiffs' expert David Lewin. The court addressed various *Daubert* challenges to the class-certification expert reports of Deborah Jay, Richard Jeanneret and Robert Crandall in its ruling on class certification. (Doc. No. 906 at pp. 1-22.) FedEx Ground's challenge to the expert report of Robert Wood (Doc. No. 1363) is pending before the court.

On March 12, 2007, plaintiffs moved to certify a class of Iowa contractors[3] on counts 1 (wage violation), 3 (rescission), 4 (declaratory relief), and 5 (injunctive relief). (Doc. No. 554.) FedEx Ground filed its opposition to class certification on April 27, 2007 (Doc. No. 620), and the plaintiffs filed their reply in support of class certification on May 29, 2007 (Doc. No. 673).

On July 23, 2007, plaintiffs' motion to strike the declarations of approximately 300 pickup and delivery drivers/contractors offered by FedEx Ground in connection with its opposition to the first three Waves of class certification motions, including contractors/drivers from Iowa, was granted by Magistrate Judge Christopher A. Nuechterlein. (Doc. No. 818.) FedEx Ground's motion for reconsideration was denied. (Doc. No. 1015.)

On October 15, 2007, the court certified a statewide class of Kansas plaintiffs and a nationwide class of ERISA plaintiffs, and ordered the parties to submit supplemental five-page statements articulating how the class certification decisions in the other cases should differ, if at all, from the court's decision to certify the Kansas and ERISA classes. (Doc. No. 906.) On November 14, 2007, the parties submitted their respective supplemental statements on class certification in the *Johnson* case. (Doc. No. 938 (plaintiffs); Doc. No. 984 (FedEx Ground).)

---

[3] The plaintiffs' proposed class definition was: "All persons who: 1) entered or will enter into a FXG Ground or FXG Home Delivery form Operating Agreement (now known as form OP-149 and form OP-149 RES); 2) drove or will drive a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) since August 16, 1999, to provide package pick-up and delivery services pursuant to the Operating Agreement; and 3) were dispatched out of a terminal in the state of Iowa."

On March 25, 2008, the court denied class certification in *Johnson*, for reasons explained in the Court's order. (Doc. No. 1119 at 120-124.)

On March 28, 2008, the court set the deadline for summary judgment motions on classification status in the Iowa case, as well as other cases, for April 25, 2008. (Doc. No. 1123.) This summary judgment deadline was then extended to June 2, 2008. (*See* Apr. 10, 2008 Order (Doc. No. 1139).) The June 2, 2008, deadline elapsed without either party moving for summary judgment on the employment classification issue in the Iowa case.

Throughout this MDL proceeding, the court has ruled on numerous discovery motions brought by both parties. In May, 2008, plaintiffs moved to compel production of a draft IRS Notice of Proposed Assessment and a deposition of FedEx Ground's 30(b)(6) tax witness. In August of 2008, Magistrate Judge Nuechterlein granted the plaintiffs' motion (Doc. No. 1581), and FedEx Ground's motion for reconsideration was denied on December 28, 2009. (Doc. No. 1953.)[4] In July 2006, FedEx Ground moved to compel production of plaintiffs' income tax returns. (Doc. No. 306.) That motion ultimately was granted in part and denied in part in December 2006. (Doc. No. 451.) Under that order, neither Iowa plaintiff was required to produce his tax returns at that time.

On June 19, 2008, the court granted plaintiffs permission to file an amended complaint in the *Johnson* case, as well as other cases, adding additional

---

[4] The plaintiffs have moved to augment their summary judgment motions on employment status with the IRS documents produced pursuant to the December 29, 2009, Order. (Doc. No. 1992.) FedEx Ground has opposed the motion, (Doc. No. 2002), and that motion is ripe for ruling.

9

plaintiffs (former putative class members) to the case in light of the fact that class certification had been denied. (Doc. No. 1425.) The September 30, 2008 deadline elapsed without plaintiffs adding any additional plaintiffs to the *Johnson* case.

On February 4, 2009, the court suggested that the JPML remand the *Johnson* case to the Southern District of Iowa, Central Division, for further proceedings. (Doc. No. 1709.) On February 13, 2009, FedEx Ground requested that the court clarify and reconsider its suggestion of remand. (Doc. No. 1713.) The plaintiffs filed a response to FedEx Ground's motion on February 24, 2009 (Doc. No. 1717), and FedEx Ground filed a reply on March 9, 2009 (Doc. No. 1722). On January 22, 2010, the court confirmed its prior decision and issued an order pursuant to Rule 7.6(c)(ii) of the Rules of the Judicial Panel of Multi-District Litigation, suggesting that the Panel remand *Johnson* (Doc. # 1991). The court instructed the parties to file a joint proposed pretrial order within thirty days; the parties timely filed their joint proposed pretrial order detailing the proceedings, summarizing rulings that will affect further proceedings, outlining the issues remaining for discovery and trial and indicating the nature and expected duration of further pretrial proceedings (doc. # 2008).

### III. THE COMMON BENEFIT MOTION

The plaintiffs asked the court to issue an order for the fair and equitable assessment of any potential recovery for the services performed and expenses incurred by attorneys acting for MDL administration and common benefit of all

plaintiffs in this complex litigation. The plaintiffs propose to fully brief the issue for the court prior to remand of the Iowa case. FedEx Ground doesn't oppose the plaintiffs' request that the court address this issue before remand. This position is without prejudice to FedEx Ground's right to object to any request for attorney's fees, or the calculation thereof, that may be made by any plaintiffs' counsel at a later stage in the Iowa case or any other proceeding.

The effect of an order remanding a case to the transferor court for trial is to divest the transferee court of jurisdiction in the case and to vest the transferor court with jurisdiction. David F. Herr, MULTIDISTRICT LITIGATION MANUAL, § 10:5 (2005). The Panel's power to sever and remand a portion of an action is limited to entire claims. The Panel cannot remand only part of a claim or only certain factual issues. David F. Herr, MULTIDISTRICT LITIGATION MANUAL, § 10:14. The award of attorney's fees, however, is a "collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits." In re Zyprexa Prods. Liab. Litig., 467 F. Supp. 2d 256, 274 (E.D. N.Y. 2006) (citations omitted); *see also* In In re Zyprexa Prods. Liab. Litig.,--- F.3d ---, 2010 WL 367556, *10 (2d Cir. 2010) (stating that order imposing an assessment to create a fund that could be used to compensate attorneys who demonstrate that their efforts conferred a benefit on the plaintiffs generally is "even less related to the ultimate merits than orders awarding attorney's fees, which are collateral matters over which a court retains jurisdiction even if it ultimately is determined to lack subject matter jurisdiction.") (*citing* Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990)

11

("It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction."); Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 445 (9th Cir. 2003) ("It is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits."); Overseas Dev. Disc Corp. v. Sangamo Constr. Co., 840 F.2d 1319, 1324 (7th Cir.1988) (declaring it to be "settled that a decision awarding or denying attorney's fees and expenses from a common fund ... is severable from the decision on the merits") and others cases).

Because the fees awarded to the MDL attorneys for the common benefit of all plaintiffs is a collateral issue separate from the merits of this case, the court suggests that this case be remanded before consideration of the plaintiffs' request. The court further suggests that it retain jurisdiction to consider the fair and equitable assessment of any potential recovery for the services performed and expenses incurred by attorneys acting for administration and common benefit of all MDL plaintiffs.

IV. ALTERNATIVE DISPUTE RESOLUTION

The parties believe that prior to expending resources upon further pretrial proceedings and a trial in the transferor court for this non-class case, the parties should proceed to ADR as soon as practicable. The parties agree to jointly select

a mediator and proceed with mediation in an effort to attempt to resolve the pending claims on a mutually-satisfactory basis.

## V. Remaining Discovery

### A. Terminal Specific Fact Discovery

The parties believe that, now that the Iowa case is proceeding to the trial-preparation phase, some limited non-duplicative discovery at the terminal level will be necessary regarding independent contractor vs. employee status and other aspects of the merits of the plaintiffs' claims and FedEx Ground's defenses. This may include some limited written discovery (e.g., requests for production of documents, and interrogatories) and limited trial witness depositions (e.g., FedEx Ground terminal senior and service managers, contractors, and contractor-retained workers). The parties propose to meet and confer regarding the precise limits for such discovery and to obtain definitive resolution thereof before the Iowa court.

### B. Damages Discovery

No damages discovery has occurred in the MDL proceeding. The parties agree that damages discovery is necessary before trial.

### C. Expert Discovery

The plaintiffs and FedEx Ground agree that the parties may each designate damages experts and conduct expert discovery relating to damages. In the Iowa case, the parties further agree that no additional expert discovery is needed before

13

trial. This is without prejudice to both parties' positions regarding whether additional non-damages expert discovery is or is not appropriate in any other case.

## VI. DISPOSITIVE MOTIONS

The plaintiffs do not anticipate bringing other dispositive motions in the transferor court. FedEx Ground does anticipate bringing dispositive motions, unrelated to the independent contractor vs. employee issue, in the transferor court.

## VII. PRETRIAL MOTIONS

The parties agree that they should be allowed bring *Daubert* motions regarding expert reports, if any. The parties also anticipate bringing motions in limine, motions regarding jury instructions, and any other pre-trial motions.

## VIII. SUGGESTION OF REMAND

This court SUGGESTS remand as set forth in its January 22, 2010 order (doc. # 1991), except that it suggests that this court retain jurisdiction to consider the fair and equitable assessment of any potential recovery for the services performed and expenses incurred by attorneys acting for administration and common benefit of all MDL plaintiffs. This court's January 22, 2010 order (doc. # 1991), the parties' proposed pretrial order dated February 22, 2010 (doc. #

2008), and this order should serve as the final pretrial order of the transferee court.

SO ORDERED.

ENTERED:  March 2, 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: Judicial Panel on Multi-District Litigation